UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21928-BLOOM

MARCIA T. DUNN, *Chapter 7 Trustee of the Bankruptcy Estates of Pacifico Sur Group, LLC and Chilean Fisheries Group, LLC*,

    Plaintiff,

v.

MATIAS RICCI,

    Defendant.
_____/

ORDER ON MOTION TO WITHDRAW
REFERENCE OF ADVERSARY PROCEEDING

**THIS CAUSE** is before the Court upon Matias Ricci's ("Defendant" or "Ricci") Motion to Withdraw Reference of Adversary Proceeding, ECF No. [1] ("Motion"). Marcia T. Dunn ("Plaintiff"), Chapter 7 Trustee of the bankruptcy estate of Debtor-Plaintiff Pacifico Sur Group, LLC and Chilean Fisheries Group, LLC ("Debtors"), filed a Response in Opposition to the Motion. ECF No. [2-3]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied without prejudice.

**I.    BACKGROUND**

On February 18, 2022, Plaintiff filed an Adversary Complaint against Ricci, ECF No. [2-2] ("Adversary Proceeding"). In the Adversary Proceeding, Plaintiff asserts claims for: (1) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 541, 542, 544, 548, 549, and 550 and Fla. Stat. § 726.105(1)(a), 726.105(1)(b), 726.106(1), 726.108(1)(a); 726.109; and (2) unjust enrichment. On May 23, 2022, Defendant filed the Motion. On the same day, Defendant

also filed his Answer and Affirmative Defenses and Demand for a Jury Trial in the Adversary Proceeding.

In the instant Motion, Defendant requests that the Court withdraw the reference to the Bankruptcy Court. Plaintiff opposes the Motion. *See generally* ECF No. [2-3].

## II. LEGAL STANDARD

"A district court 'may withdraw, in whole or in part, any case or proceeding referred to the Bankruptcy Court . . . for cause shown.'" *In re Armenta*, No. 13-15047-BKC-RBR, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (quoting 28 U.S.C. § 157(d)) (alteration adopted). Congress has not provided a definition or explanation of the "cause" required for permissive withdrawal under 28 U.S.C. § 157(d), but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). "In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay." *Armenta*, 2013 WL 4786584, at *1 (citing *Dionne v. Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) and *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)). "The district court should also examine whether a jury demand has been made and whether the claims are core or non-core." *Id.*[1] (citing *Holmes*, 315 F. Supp. 2d at 1381). The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.*, No. 8:11-BK-22258-MGW, 2014

---

[1] "The core/non-core dichotomy delineates proceedings between those arising under Title 11 and all other claims." *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *3 (S.D. Fla. May 30, 2008) (citations omitted); *see also In re Toledo*, 170 F.3d 1340, 1349 (11th Cir. 1999) ("If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding.").

WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).

### III.   DISCUSSION

Defendant argues that withdrawal of the reference is appropriate because he has demanded a jury trial and does not consent to the trial being conducted in the Bankruptcy Court.[2] In response, Plaintiff argues that the Motion is premature, and that the existence of a demand for a jury trial is not alone sufficient to support immediate withdrawal of the reference or to establish the requisite cause.

Upon review, the Court is not persuaded that withdrawal is appropriate at this early stage of the Adversary Proceeding. As an initial matter, "the determination of whether a matter is core or non-core 'should first be made by the Bankruptcy Court.'" *In re Westward Ho II, LLC*, No. 8:15-CV-653-T-33, 2015 WL 1927513, at *2 (M.D. Fla. Apr. 28, 2015) (quoting *In re Fundamental Long Term Care, Inc.*, No. 8:11-Bk-22258-MGW, 2014 WL 2882522, at *2 (M.D. Fla. June 25, 2014)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11."); *In re Palm Beach Fin. Partners, L.P.*, No. 09-36379-PGH, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) ("[T]he bankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue."). Neither party has argued, nor does the record reflect, that the Bankruptcy Court has determined whether the Adversary

---

[2] Pursuant to 28 U.S.C. §157(e) "the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. §157(e).

Proceeding is a core or non-core proceeding. As such, the Court will not consider this factor in analyzing whether withdrawal is appropriate.

Moreover, Defendant has provided no authority to support his contention that the mere demand and entitlement to a jury trial constitute sufficient cause for withdrawal of the reference. Indeed, a review of case law indicates the opposite. Even if Defendant is entitled to a trial by jury in the Adversary Proceeding, "such right does not preclude the Bankruptcy Court from hearing a proceeding up to and including the point of ruling on summary judgment." *Westward Ho II, LLC*, 2015 WL 1927513, at *4 (citation omitted); *see also Stein v. Miller*, 158 B.R. 876, 880-881 (S.D. Fla. 1993) (holding that defendants in adversary proceeding were not entitled to withdrawal of reference to have case dispositive motion decided by district court).

Decisions from other courts in this District are persuasive. In declining to withdraw a bankruptcy referral until the adversary proceeding required a jury trial, the court in *Armenta* determined that "[t]he interests of efficiency and uniformity weigh in favor of denying [the] motion to withdraw reference, notwithstanding [the] demand for a jury trial." *Armenta*, 2013 WL 4786584, at *2. Specifically, the court explained:

> The Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates, and is well capable of supervising discovery and other pretrial matters. Moreover, the adversary proceeding is in its early stages, having been filed just over two months ago and with a motion to dismiss currently pending before the Bankruptcy Court. Therefore, the Court finds that withdrawal of the reference for trial is presently premature, and will be appropriate only if and when this adversary proceeding becomes ready for a jury trial.

*Id.*; *see also In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 11-62612-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012) ("Withdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources." (citations omitted)). The Court concludes that the same interests weigh in favor of denying the Motion in this case.

Importantly, even when courts in this District have elected to withdraw bankruptcy referrals, they have customarily allowed the Bankruptcy Court to conduct all pre-trial matters. *See, e.g.*, *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *4 (S.D. Fla. May 30, 2008) (withdrawing bankruptcy referral "for the sole purpose of Court conducting a jury trial and allowing the Bankruptcy Court to conduct all pre-trial matters, including any dispositive motions."); *In re Aurora Cap., Inc.*, No. 12-61421-CIV, 2013 WL 2156821, at *2 (S.D. Fla. May 17, 2013) (withdrawing bankruptcy referral "only for the purposes of jury trial, and leav[ing] the reference intact as to all pretrial matters.").

Based on the foregoing, the Court declines to withdraw the reference at this early juncture of the proceedings. The Adversary Proceeding should properly remain in the Bankruptcy Court for the disposition of all pre-trial matters, including discovery and any dispositive motions. If appropriate at a later point in the proceedings, Defendant may file a renewed motion to withdraw reference.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [1]**, is **DENIED** without prejudice.
2. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record